Vacated by Supreme Court, January 24, 2005

UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

VANDER KEITH GORE, a/k/a Keith,
*Defendant-Appellant.*

No. 03-4055

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JEFFREY LEE GORE, a/k/a Jeff,
*Defendant-Appellant.*

No. 03-4102

Appeals from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Senior District Judge.
(CR-01-627)

Submitted: March 5, 2004

Decided: April 6, 2004

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Jerry L. Finney, FINNEY LAW FIRM, INC., Columbia, South Caro-
lina; Jack B. Swerling, LAW OFFICES OF JACK B. SWERLING,

Columbia, South Carolina, for Appellants. J. Strom Thurmond, Jr., United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jeffrey Lee Gore (Jeffrey Gore) and Vander Keith Gore (Keith Gore) appeal their sentences after entering into plea agreements for multiple violations of 21 U.S.C. §§ 841(a)(1), 846 (2000). We affirm.

Jeffrey Gore argues the Government breached his plea agreement and should be required to comply with it. We review a claim that a party has breached a plea agreement under a bifurcated standard, reviewing the district court's factual findings for clear error, while reviewing the district court's application of principles of contract interpretation de novo. *United States v. Bowe*, 257 F.3d 336, 342 (4th Cir. 2001). The party asserting breach has the burden of proving it. *United States. v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994). The interpretation of a plea agreement is "guided by contract law, and parties to the agreement should receive the benefit of their bargain." *United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997). However, a defendant who breaches a plea agreement has no right to look for its enforcement. *See United States v. West*, 2 F.3d 66, 69-70 (4th Cir. 1993).

We conclude the district court did not err. Jeffrey Gore concedes he failed two polygraph examinations. Jeffrey Gore's plea agreement contains express language that his failure to pass a polygraph examination to the Government's satisfaction would result in the Government's obligations becoming null and void at its sole discretion. Accordingly, the district court properly concluded the Government was not bound by the plea agreement.

Jeffrey Gore next argues the district court erred when it increased his offense level two levels for obstruction of justice. The *U.S. Sentencing Guidelines Manual* § 3C1.1 (2002) authorizes a two-level increase to a defendant's offense level if he willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of investigation, prosecution, or sentencing. The Government must prove the facts constituting obstruction of justice by a preponderance of the evidence. *United States v. Nelson*, 6 F.3d 1049, 1054 (4th Cir. 1993), *overruled on other grounds by*, *Bailey v. United States*, 516 U.S. 137 (1995).

We will overturn a district court's sentence enhancement for obstruction of justice only if clearly erroneous. *United States v. Puckett*, 61 F.3d 1092, 1095 (4th Cir. 1995). Clear error is established only when an appellate court is left with a "definite and firm conviction" that a mistake has been made. *United States v. Breza*, 308 F.3d 430, 433 (4th Cir. 2002). Determining credibility of witnesses and resolving conflicting testimony falls within the province of the factfinder, not the reviewing court. *United States v. Burgos*, 94 F.3d 849, 868 (4th Cir. 1996). We conclude that because the district court found the testimony of Drug Enforcement Agency Agent Koenig to be credible, the court did not clearly err when it concluded Jeffrey Gore threatened Clifton Jordan.

Jeffrey Gore also asserts the district court erred when it increased his offense level three levels for his role in the offense. We review a district court's determination of the defendant's role in the offense for clear error. *United States v. Sayles*, 296 F.3d 219, 224 (4th Cir. 2002). Under USSG § 3B1.1(b), a defendant's offense level is increased three levels when he serves as a manager or supervisor, but not as an organizer or leader, in a criminal activity involving five or more people, or one that is otherwise extensive. We conclude the district court did not clearly err because there was substantial testimony given by Agent Koenig that others sold drugs for Jeffrey Gore. The district court therefore properly increased Jeffrey Gore's offense level three levels for his role in the conspiracy.

Keith Gore argues the district court erred when it denied his motion to compel the Government to comply with his plea agreement. We review a district court's factual findings for clear error, and review

principles of contract interpretation applied to the facts de novo. *See Bowe*, 257 F.3d at 342; *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). When there is no binding obligation on the Government to make a motion for downward departure, its failure to do so may be challenged only on the basis of unconstitutional motive, lack of a rational relationship to a legitimate governmental objective, or bad faith. *See Snow*, 234 F.3d at 191; *Wade v. United States*, 504 U.S. 181, 185-86 (1992).

Keith Gore alleges the Government refused in bad faith to permit him to provide substantial assistance. We disagree. Keith Gore had ample time before sentencing to clear up the miscommunication with the Government over a cancelled polygraph examination or provide other substantial assistance, but took no steps to do so. Nor has Keith Gore alleged what assistance he would have provided that would have been deemed substantial by the Government. We therefore conclude the district court did not err when it denied Keith Gore's motion to compel.

For the foregoing reasons, we affirm Jeffrey and Keith Gore's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*