Certiorari granted, April 4, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
>*Plaintiff-Appellee,*

v.

VANDER MOORE GORE, JR.,
>*Defendant-Appellant.*

No. 02-4566

UNITED STATES OF AMERICA,
>*Plaintiff-Appellee,*

v.

JOHNNY LEE GORE, a/k/a Manager,
>*Defendant-Appellant.*

No. 02-4908

UNITED STATES OF AMERICA,
>*Plaintiff-Appellee,*

v.

ANTHONY BYRON PRIDGEN, a/k/a Big Ant,
>*Defendant-Appellant.*

No. 03-4084

Appeals from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Senior District Judge.
(CR-01-627)

Submitted: May 17, 2004

Decided: June 22, 2004

Before KING, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

William I. Diggs, DIGGS, DANIELSON, L.L.C., Myrtle Beach, South Carolina; James A. Brown, Jr., LAW OFFICES OF JIM BROWN, P.A., Beaufort, South Carolina; Reynolds Williams, WILL-COX, BUYCK & WILLIAMS, P.A., Florence, South Carolina, for Appellants. J. Strom Thurmond, Jr., United States Attorney, Rose Mary Parham, Robert C. Jendron, Assistant United States Attorneys, Columbia, South Carolina; Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Vander Moore Gore (Vander Gore), Johnny Lee Gore (Johnny Gore), and Anthony B. Pridgen appeal their convictions and sentences for conspiracy to possess with intent to distribute fifty grams or more of cocaine base, five kilograms or more of cocaine, fifty kilograms or more of marijuana, and less than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) (2000). We affirm.

Vander Gore argues an undercover informant's credibility was improperly bolstered when the district court permitted testimony that the informant had participated in numerous other drug buys. Because Vander Gore did not object to the admission of this evidence at trial,

we review for plain error. *See United States v. Carr*, 303 F.3d 539, 543 (4th Cir. 2002) ("[A]n appellate court may correct an error not brought to the attention of the trial court if (1) there is an error (2) that is plain and (3) that affects substantial rights. If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (internal quotation marks and alteration omitted)), *cert. denied*, 537 U.S. 1138 (2003). In light of the overwhelming evidence against Vander Gore, we conclude the admission of this testimony did not seriously affect the fairness of his trial.

Vander Gore also argues that the testimony of several witnesses was bolstered when they were allowed to testify that they had received downward departures for their substantial assistance to the government. Because Vander Gore did not object to this testimony at trial, we also review this issue for plain error. *Carr*, 303 F.3d at 543.

The Government may introduce a witness's plea agreement during direct examination if: "(1) the prosecutor's questions do not imply that the government has special knowledge of the witness's veracity; (2) the trial judge instructs the jury on the caution required in evaluating the witness's testimony; and (3) the prosecutor's closing argument contains no improper use of the witness's promise of truthful cooperation." *See United States v. Romer*, 148 F.3d 359, 369 (4th Cir. 1998) (citing *United States v. Henderson*, 717 F.2d 135, 138 (4th Cir. 1983)). Because we conclude the Government did not make improper use of this testimony and the district court gave a limiting instruction, we affirm Vander Gore's conviction and sentence.

Johnny Gore argues it was plain error for the Government to inform the jury that three co-defendants had pled guilty and to mention the convictions of other family members. Evidence of a non-testifying co-defendant's guilty plea should not be put before the jury. *United States v. Blevins*, 960 F.2d 1252, 1260 (4th Cir. 1992). The test for reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the

defendant of a fair trial. *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993).

The factors to consider when evaluating the issue of prejudice to the defendant are (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters. *Id.* at 241.

The Government concedes its comments were improper. However, because Johnny Gore admitted he had been involved in the conspiracy and the crux of his case centered on whether he had adequately withdrawn from the conspiracy, we conclude the Government's statements were not so prejudicial that they deprived Johnny Gore of a fair trial.

Johnny Gore also argues the Government improperly vouched for and bolstered the credibility of several witnesses. Because Johnny Gore did not object to the Government's statements during trial, we review for plain error. *Carr*, 303 F.3d at 543.

A prosecutor may neither vouch for nor bolster the testimony of a witness in its arguments to the jury. *United States v. Sanchez*, 118 F.3d 192, 198 (4th Cir. 1997). Vouching occurs when the prosecutor indicates a personal belief in the credibility of a witness. A prosecutor may not make explicit personal assurances that a witness is trustworthy. *United States v. Lewis*, 10 F.3d 1086, 1089 (4th Cir. 1993). Bolstering is an implication by the Government that the testimony of a witness is corroborated by evidence that the Government knows, but that the jury does not know. *Id.*

If improper vouching or bolstering has occurred, we then consider (1) the degree to which the comments could have misled the jury; (2) whether the comments were isolated or extensive; (3) the strength of proof of guilt absent the inappropriate comments; and (4) whether the comments were deliberately made to divert the jury's attention. *Sanchez*, 118 F.3d at 198. However, because we conclude the Govern-

ment did not commit any improper vouching or bolstering, we affirm Johnny Gore's conviction and sentence.

Pridgen argues he was denied a fair trial because it was obvious to the jury that the district court was biased against him and his attorney. A judge's participation during trial should never reach the point that it appears clear to the jury that the judge believes the accused is guilty, or becomes so pervasive in his interruptions and interrogations that he may appear to usurp the role of either prosecutor or defense counsel. *United States v. Godwin*, 272 F.3d 659, 677 (4th Cir. 2001). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . [They] can only in the rarest circumstances evidence the degree of favoritism or antagonism required [to make fair judgment impossible] . . . when no extrajudicial source is involved." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted).

We conclude the district court's comments about which Pridgen complains are insufficient to show any deep-seated or unequivocal antagonism that rendered a fair judgment for Pridgen impossible. We therefore affirm Pridgen's conviction and sentence.

Accordingly, we affirm Vander Gore's, Johnny Gore's, and Pridgen's convictions and sentences. We also deny Johnny Gore's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*