**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-4566**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VANDER MOORE GORE, JR.,

Defendant - Appellant.

---

**No. 02-4908**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY LEE GORE, a/k/a Manager,

Defendant - Appellant.

---

On Remand from the Supreme Court of the United States.
(S. Ct. Nos. 04-1154; 04-7986)

---

Submitted: May 26, 2006          Decided: August 18, 2006

---

Before KING, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

———————

William Isaac Diggs, LAW OFFICES OF WILLIAM ISAAC DIGGS, Myrtle Beach, South Carolina, for Appellant Vander Moore Gore, Jr.; Johnny Lee Gore, Appellant Pro Se. Jonathan S. Gasser, United States Attorney, Rose Mary Parham, Robert C. Jendron, Assistant United States Attorneys, Florence, South Carolina; Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Vander Moore Gore, Jr. ("Vander Gore") and Johnny Lee Gore ("Johnny Gore") were convicted by a jury in the United States District Court for the District of South Carolina on charges of conspiracy to possess with intent to distribute multiple substances in violation of 21 U.S.C. § 841(a)(1) (2000). Vander Gore was sentenced to life imprisonment; Johnny Gore was sentenced to 360 months' imprisonment. On direct appeal, we affirmed. See United States v. Gore, Nos. 02-4566, 02-4908, 102 Fed. App'x 292 (4th Cir. June 22, 2004) (unpublished). We also denied Johnny Gore's motion for permission to file a pro se supplemental brief in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Pursuant to United States v. Booker, 543 U.S. 223 (2005), the Supreme Court of the United States vacated the judgments and remanded both cases to this court for further consideration. See Gore v. United States, 125 S. Ct. 1746 (2005) (Vander Gore); Gore v. United States, 125 S. Ct. 1407 (2005) (Johnny Gore).

In Booker, the Supreme Court held that when a defendant is sentenced under a mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 224. Thus, error under the Sixth Amendment occurs when the

- 3 -

district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Id..

Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not found by a jury or admitted by the defendant, constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56. We directed sentencing courts to calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If the district court imposes a sentence outside the guideline range, the court should state its reasons for doing so. Hughes, 401 F.3d at 546; see also United States v. Green, 436 F.3d 449, 459-56 (4th Cir. 2006). Hughes also recognized "that after Booker, there are two potential errors in a sentence imposed pursuant to the pre-Booker mandatory guidelines regime: a Sixth Amendment error, which Hughes raised, and an error in failing to treat the guidelines as advisory, which Hughes did not raise." Hughes, 401 F.3d at 552.

- 4 -

In United States v. White, 405 F.3d 208 (4th Cir.), cert. denied, 125 S. Ct. 668 (2005), we held that treating the guidelines as mandatory, even in the absence of a Sixth Amendment violation, was plain error in light of Booker. White, 405 F.3d at 216-17. We declined to presume prejudice in this situation, id. at 217-22, holding that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." Id. at 223 (internal quotation marks and citations omitted). To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224. Because "the record as a whole provide[d] no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed,'" id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)), we concluded in White that the error did not affect the defendant's substantial rights and thus affirmed the sentence. Id. at 225; see also United States v. Collins, 412 F.3d at 524-25 (finding that defendant failed to demonstrate prejudice from being sentenced under the mandatory sentencing guidelines).

Vander Gore (No. 02-4566) was indicted and convicted of participating in a drug trafficking conspiracy involving fifty

grams of crack cocaine and five kilograms of cocaine. These amounts correspond to a base offense level of thirty-two. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(4). The presentence report ("PSR") assigned Vander Gore a base offense level of thirty-eight, based on 524.46 grams of crack cocaine and 285.04 kilograms of powder cocaine, resulting in a combined marijuana equivalency of 67,497.2 grams. See USSG § 2D1.1(c)(1).

The PSR also recommended a four-level enhancement for a leadership role in the conspiracy, pursuant to USSG § 3B1.1(a), and a two-level enhancement for obstruction of justice, pursuant to USSG § 3C1.1. Therefore, the PSR recommended a total offense level of forty-four. The district court adopted the PSR's recommendations, including the enhancements by a preponderance of the evidence, and the total offense level of forty-four resulted in Vander Gore's life sentence. See USSG Ch. 5, Pt. A (sentencing table).

Absent judicial factfinding concerning the drug weight, as well as the enhancements for Vander Gore's leadership role and obstruction of justice, Vander Gore's total offense level would have been thirty-two. Based on a criminal history category of I, the guidelines would have provided for 121-151 months' imprisonment. See USSG Ch. 5, Pt. 1 (sentencing table). Because Vander Gore's sentence was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the

court, not found by a jury or admitted by Vander Gore, his life sentence constitutes plain error that affected his substantial rights. See Hughes, 401 F.3d at 546. Therefore, we vacate Vander Gore's sentence and remand the case to the district court for resentencing in light of Booker.

The jury convicted Johnny Gore (No. 02-4908) of distribution and possession with intent to distribute 500 grams or more of cocaine, and the district court sentenced him to 360 months' imprisonment. Because Johnny Gore had previously been convicted of two prior felony drug convictions, he qualified as a career offender. See USSG § 4B1.1(a). Pursuant to USSG § 4B1.1(b), because Gore's statutory maximum sentence was life imprisonment, see 21 U.S.C. § 841(b)(1)(B)(ii)(II) (2000), the PSR provided for an offense level of thirty-seven. As a career offender, Johnny Gore's criminal history category was VI. See USSG § 4B1.1(b). Accordingly, Johnny Gore's range of imprisonment under the then-mandatory guidelines was 360 months to life. See USSG Ch. 5, Pt. A (sentencing table). Therefore, his 360-month sentence, which was only enhanced based on his prior convictions, did not violate the Sixth Amendment. See United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir. 2005).

However, even in the absence of Sixth Amendment error, the district court's treatment of the sentencing guidelines as mandatory was erroneous. See White, 405 F.3d at 216-17. We

conclude that, in light of Johnny Gore's attempts to raise the sentencing issue on direct appeal[*] and on other occasions, he has preserved the issue. See generally United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006). Therefore, we review to determine whether the error was harmless. See Booker, 543 U.S. at 268 (noting that appellate courts may apply the plain error and harmless error doctrines in determining whether resentencing is required); Fed. R. Crim. P. 52(a) (stating that an appellate court may disregard any error that does not affect substantial rights).

On harmless error review, the Government bears the burden of showing beyond a reasonable doubt that the error did not affect Johnny Gore's substantial rights. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003); United States v. Stokes, 261 F.3d 496, 499 (4th Cir. 2001). The Government has not met this burden, and indeed concedes Johnny Gore should be resentenced under an advisory application of the sentencing guidelines. We vacate Johnny Gore's sentence and remand his case to the district court for resentencing in light of Booker. Furthermore, we deny Johnny Gore's motions for summary remand, to file exhibits, and to file a pro se supplemental brief, in which he makes the specious argument

---

[*]Although Johnny Gore sought to file a pro se supplemental brief in his initial direct appeal raising a challenge to the imposition of sentence pursuant to the then-mandatory guidelines claim, that brief was rejected because he was represented by counsel and thus had no independent right to file a pro se supplemental brief.

that his sentence for conspiracy to possess with intent to distribute 500 grams or more of cocaine is constitutionally infirm because the conduct was never charged by indictment. The superseding indictment clearly alleged a conspiracy involving, among other controlled substances, five kilograms or more of cocaine.

In sum, we affirm the convictions of both Vander Gore and Johnny Gore for the reasons set forth in our 2004 opinion addressing these appeals. We vacate both Vander Gore's and Johnny Gore's sentences and remand for further proceedings in light of Booker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART