**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 06-5107

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY LEE GORE, a/k/a Jeff,

Defendant - Appellant,

versus

CINDY JONES; JOYCE GORE; EARLENE WOODS;
CAROLYN GORE; FIRST VIRGINIA CREDIT SERVICES,
INCORPORATED; MAREEAL HEMINGWAY; SOUTH
CAROLINA DEPARTMENT OF REVENUE AND TAXATION;
CHARLES SHACKLEFORD; SUSAN SHACKLEFORD; W. P.
JOHNSON; WACHOVIA BANK, National Association
as successor to First Union Wachovia Bank, NA;
DELORIS SWEARINGEN; RUDOLPH COCHRAN; SOUTH
CAROLINA DEPARTMENT OF REVENUE,

Parties in Interest.

_____

No. 06-5116

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VANDER MOORE GORE, JR., a/k/a Vander More Gore,

                                      Defendant - Appellant,

         versus


CINDY JONES; JOYCE GORE; EARLENE WOODS; CAROLYN GORE; FIRST VIRGINIA CREDIT SERVICES, INCORPORATED; MAREEAL HEMINGWAY; SOUTH CAROLINA DEPARTMENT OF REVENUE AND TAXATION; CHARLES SHACKLEFORD; SUSAN SHACKLEFORD; W. P. JOHNSON; WACHOVIA BANK, National Association as successor to First Union Wachovia Bank, NA; DELORIS SWEARINGEN; RUDOLPH COCHRAN; SOUTH CAROLINA DEPARTMENT OF REVENUE,

                                      Parties in Interest.

_____

Appeals from the United States District Court for the District of South Carolina, at Florence.   C. Weston Houck, Senior District Judge.  (4:01-cr-00627-CWH)

_____

Submitted:  November 2, 2007        Decided:  November 20, 2007

_____

Before KING, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jack B. Swerling, LAW OFFICES OF JACK B. SWERLING, Columbia, South Carolina; William I. Diggs, LAW OFFICE OF WILLIAM ISAAC DIGGS, Myrtle Beach, South Carolina, for Appellants.  Reginald I. Lloyd, United States Attorney, Rose Mary Parham, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Lee Gore pled guilty to a drug trafficking conspiracy involving fifty grams or more of cocaine base and five kilograms or more of powder cocaine and was sentenced to 360 months' imprisonment. Vander Moore Gore, Jeffrey Lee Gore's father, was convicted by a jury of conspiracy to distribute five kilograms or more of powder cocaine and less than fifty kilograms of marijuana and was sentenced to life imprisonment. We affirmed their convictions, but the Supreme Court vacated the judgments and remanded both cases for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Gore, 102 F. App'x 292 (4th Cir. 2004) (unpublished), vacated, 544 U.S. 958 (2005) (Vander Moore Gore); United States v. Gore, 93 F. App'x 569 (4th Cir. 2004) (unpublished), vacated, 543 U.S. 1105 (2005) (Jeffrey Lee Gore).

Following the Supreme Court's remand, we vacated the Gores' sentences and remanded the cases to the district court for resentencing in light of Booker. The district court resentenced to the identical terms of imprisonment it had previously imposed. Both defendants have appealed, challenging their sentences.

After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In a post-Booker sentencing such as those at issue, the district court must

calculate the appropriate guidelines range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose a sentence. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We have observed that "specific reference [at sentencing] to § 3553 [is] certainly not required." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). A post-Booker sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 546-47 (citations omitted). "[A] sentence within the properly calculated Guidelines range . . . is presumptively reasonable." Green, 436 F.3d at 457 (internal quotation marks and citation omitted); see Rita v. United States, 127 S. Ct. 2456 (2007).

Jeffrey Lee Gore (No. 06-5107) asserts the district court erroneously applied a two-level firearm enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1). Gore's plea agreement stipulated this enhancement was appropriate, however. We therefore find Gore failed to demonstrate the factual basis for the enhancement was clearly erroneous. Furthermore, Gore asserts the length of his sentence was unreasonable. A sentence may be unreasonable for both substantive and procedural reasons. United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert.

denied, 126 S. Ct. 2054 (2006).  We find Gore failed to rebut the presumption that his within-guidelines sentence was reasonable.[*]

Vander Moore Gore (No. 06-5116) asserts the drug quantity for which he was held responsible at sentencing was erroneous, leading the district court to assign an improper base offense level of thirty-eight.  Although we previously found the district court's judicial factfinding violated the Sixth Amendment under Booker, we did so in the context of a mandatory sentencing guidelines scheme.  In contrast, when a district court treats the sentencing guidelines as advisory, it may find facts supporting enhancements using the preponderance of the evidence standard.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006).  We conclude Gore failed to demonstrate the district court's factual finding was clearly erroneous.  See United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

---

[*]Gore contends the district court's remark at his initial sentencing hearing that a 360-month sentence was "a lot of time . . . more than enough in this particular case" demonstrates this term of imprisonment is unreasonable.  At the resentencing hearing, the district court clarified it made this statement "in an entirely different ballpark as far as sentencing was concerned" and reflected the statement was inspired by "[its] personal feelings at that time" on how the sentencing guidelines were calculated.  The district court offered Gore ample opportunity to demonstrate how a sentence below the guidelines range would be appropriate, and the transcript of the resentencing hearing reflects the court considered these arguments but ultimately rejected them.  Although Gore claims the district court's consideration of the relevant sentencing factors was insufficient, we note the district court need not "robotically tick through § 3553(a)'s every subsection." Johnson, 445 F.3d at 345.

Accordingly, we affirm both Jeffrey Lee Gore's and Vander Moore Gore's sentences.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED