Filed: February 12, 2009

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 02-4908
(CR-01-627)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNY LEE GORE, a/k/a Manager,

Defendant - Appellant.

O R D E R

The court amends its opinion filed November 7, 2008, as follows:

On page 3, second line of opinion text, the phrase "multiple controlled substances" is deleted and replaced with the word "cocaine."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

ON REHEARING

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 02-4908

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNY LEE GORE, a/k/a Manager,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, Senior District Judge. (CR-01-627)

Submitted: August 7, 2008          Decided: November 7, 2008

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

James Arthur Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina; Michael S. Seekings, LEATH, BOUCH & CRAWFORD, LLP, Charleston, South Carolina, for Appellant. Thomas Ernest Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Robert Claude Jendron, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; Rose Mary Sheppard Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Lee Gore was convicted by a jury of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (2000). Gore was sentenced to 360 months' imprisonment. On direct appeal, we affirmed. See United States v. Gore, 102 F. App'x 292 (4th Cir. 2004) (unpublished). We also denied Gore's motion for permission to file a pro se supplemental brief in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Following its decision in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court of the United States vacated the judgment and remanded the case to this court for further consideration. See Gore v. United States, 543 U.S. 1181 (2005).

On remand, we vacated Gore's sentence and remanded for further proceedings in light of Booker. See United States v. Gore, 195 F. App'x 145 (2006) (unpublished).* In the unpublished opinion, we found that while resentencing was required owing to statutory Booker error at the original sentencing, see United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005), no Sixth Amendment error occurred because Gore was a career offender.

In August 2007, we granted Gore's petition for rehearing, in which he contended the career offender finding was erroneous.

---

*In the same unpublished opinion, we also vacated the sentence and remanded for resentencing in light of Booker in the case of Gore's co-appellant, Vander Moore Gore. The portion of the opinion pertaining to Vander Moore Gore remains unaffected.

3

Therefore, although we again vacate Gore's sentence and remand the case for resentencing, we do so for an additional reason.

In Booker, the Supreme Court held that when a defendant is sentenced under a mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 224. Thus, error under the Sixth Amendment occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Id.

Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), we held that a sentence imposed under the pre-Booker mandatory sentencing scheme that was enhanced based on facts found by the court, not found by a jury or admitted by the defendant, constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guidelines scheme. Hughes, 401 F.3d at 546-56. We directed sentencing courts to calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), and impose a

sentence. See also Gall v. United States, 128 S. Ct. 586, 596 (2007). If the district court imposes a sentence outside the guideline range, the court should state its reasons for doing so. Gall, 128 S. Ct. at 597. Hughes also recognized "that after Booker, there are two potential errors in a sentence imposed pursuant to the pre-Booker mandatory guidelines regime: a Sixth Amendment error, which Hughes raised, and an error in failing to treat the guidelines as advisory, which Hughes did not raise." Hughes, 401 F.3d at 552.

In addition to the plain error at Gore's original sentencing attributable to failing to treat the guidelines as advisory, an error that we found affected Gore's substantial rights, we now find that the Sixth Amendment was violated because Gore was sentenced to a greater term of imprisonment than the maximum permitted based on facts found by a jury or admitted by Gore. At sentencing, the district court declined to expressly find Gore was a career offender because it believed the finding would not have affected Gore's sentencing guidelines range of 360 months to life imprisonment. However, Gore admitted to responsibility for 141 kilograms of powder cocaine, translating to a base offense level of thirty-six. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(2). Gore denied the factual basis for a two-level firearm enhancement, which was never found by the jury beyond a reasonable doubt. Based on an allowable total offense level of

5

thirty-six and a criminal history category of III, the maximum sentence permitted based on facts found by a jury or admitted by Gore was 235 to 263 months' imprisonment under the then-mandatory sentencing guidelines. See USSG Ch. 5, Pt. A (sentencing table). Thus, resentencing is required in light of Booker and its progeny.

Finally, in a submission filed pursuant to Fed. R. App. P. 28(j), Gore contends that his 360-month sentence was also erroneous in light of Kimbrough v. United States, 128 S. Ct. 558 (2007), because his offense level calculation was based in part on a finding that he was responsible for 1.5 kilograms of crack cocaine. On remand, the district court will be able to consult Kimbrough and other applicable post-Booker caselaw in fashioning an appropriate sentence.

Accordingly, we affirm Gore's conviction for the reasons set forth in our 2004 opinion addressing that appeal. We vacate Gore's sentence and remand for further proceedings in light of Booker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

6