**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4427**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOHNNY LEE GORE, a/k/a Manager,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (4:01-cr-00627-CWH-9)

Submitted:  April 16, 2010          Decided:  May 7, 2010

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Johnny Lee Gore, Appellant Pro Se. Marvin Jennings Caughman, Assistant United States Attorney, Columbia, South Carolina; Rose Mary Sheppard Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Johnny Lee Gore of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court initially sentenced Gore to 360 months' imprisonment and this court affirmed. United States v. Gore, 102 F. App'x 292 (4th Cir. 2004) (Nos. 02-4566/4908 & 03-4084). Following its landmark decision in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court vacated the judgment and remanded the case to this court and we remanded to the district court for resentencing in light of Booker. United States v. Gore, 299 F. App'x 237 (4th Cir. 2008) (No. 02-4908), as amended (Feb. 12, 2009). The district court resentenced Gore to 235 months in prison. Gore timely appealed.

Gore has elected to appeal pro se and asserts numerous claims on appeal. First, he contends that the district court erred by declining to conduct a de novo resentencing. However, the purpose of our remand was to enable the district court to resentence Gore in light of Booker; that is, to treat the federal sentencing guidelines as advisory rather than mandatory. Cf. United States v. Worley, 453 F.3d 706, 709 (6th Cir. 2006). Thus, it was not our intention that the district court should conduct a de novo resentencing.

2

Gore also challenges the drug quantity attributed to him for sentencing purposes, disputes his criminal history category, objects to the district court's refusal to give him a reduction in offense level for acceptance of responsibility, and claims the Government withheld exculpatory evidence. These issues were or could have been raised in the earlier proceedings. We therefore find that the claims are barred by the law-of-the-case doctrine and that none of the exceptions to this doctrine apply. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing doctrine and exceptions thereto); see also Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that mandate rule "forecloses relitigation of issues expressly or impliedly decided by the district court but foregone on appeal").

Finally, Gore maintains that the district court erred by failing to grant him a downward departure under U.S. Sentencing Guidelines Manual § 5K2.23 (2008), which was not available at the time of Gore's first sentencing. Because we find that the district court did not mistakenly believe that it lacked the authority to depart, its decision not to depart is

not reviewable.  United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008).

Accordingly, we affirm the district court's judgment. We grant Gore's motions to file a supplemental brief and to withdraw his motion to hold his appeal in abeyance and deny as moot his request for mandamus relief seeking to compel the district court to issue an amended criminal judgment to correct a clerical error.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED